```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

WILLIE C. ARNOLD,            }
                             }
     Claimant,               }
                             }   CIVIL ACTION NO.
v.                           }
                             }   CV-01-AR-0082-S
SAMUEL A. MOORE, JR.,        }
                             }
     Claimant.               }

**ENTERED**
**MAY 17 2001**

## MEMORANDUM OPINION

This action arises from conflicting claims for the proceeds of a life insurance policy taken out on Annetta Moore. The competing claimants are the deceased's step-father, Willie C. Arnold ("Arnold"), and husband, Samuel A. Moore, Jr. ("Moore"). Three motions by Arnold are pending before the court: 1) motion for summary judgment, 2) motion to strike Moore's late responses to Arnold's requests for admissions, which the court construes as motion to deem the requests for admission admitted under Fed.R.Civ.P. 36,[1] or, alternatively, motion for expenses, and 3) a filing construed by the court as a motion for a protective order to prevent the deposition of witnesses listed in Moore's supplemental

---

[1] Rule 36 does not authorize a court to strike a response to a request for admission. *See* 7 *Moore's Federal Practice*, § 36.12 (3d. ed. 1999).

1



disclosures. Additionally, as discussed below, the court construes counsel for Moore's oral arguments made on May 4, 2001 as a speaking motion to amend Moore's default admissions to Arnold's requests by substituting Moore's late responses for the admissions made by default.

On May 4, 2001, the court heard the parties, through counsel, for oral argument on Arnold's summary judgment motion and his discovery-related requests. Moore presented two theories of the case under which his claim to the life insurance proceeds would trump Arnold's: 1) the execution of the form signed by Annetta Moore designating Arnold as beneficiary of the policy was flawed so as to void the designation, or 2) the signature of "Annetta Moore" on the beneficiary form was forged. Besides contending that no genuine issue exists regarding any fact material under either of Moore's theories, Arnold argued that summary judgment was proper because Arnold's requests for admissions should be deemed admitted under Rule 36. Moore replied that his late responses, for the most part one-word denials, should be considered his answers to the requests because Arnold was not prejudiced by their untimeliness and because they were substantively sufficient under Rule 36. While the court did not reach a dispositive decision on the merits of these arguments, it did indicate that it would grant Arnold's

summary judgment motion only if it considered his argument regarding the requests for admission meritorious.

Notwithstanding that possibility, for the court's and the parties' practical scheduling purposes, the court and counsel held a pre-trial conference immediately following the oral argument and set June 5, 2001 as the date for trial - should one be necessary. Subsequently, the court entered a pre-trial order that was proposed and agreed to by both sides at the May 4th meeting. However, the court entered the pretrial order with the understanding, based on communications had at the conference that, to the extent that the court's ultimate resolution of the requests for admissions issue might impact the pretrial order, such modification would be effectuated under Rule 36 standards and not those applicable to a Rule 16(e) pretrial order modification.

### Discussion

Rule 36 sets out the standards that govern the timeliness and substance of responses to requests for admission. Subsection (a) of the rule provides that if the party to whom the request is made does not respond by answer or by objection in the time agreed to in writing by the parties, "[e]ach matter of which an admission is requested ... is admitted." Thus, by the responding party's

default, the requesting party can conclusively establish matters that will support a motion for summary judgment. *See* Rule 36(b); *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). However, on motion by the responding party, the court may allow the default admissions to be withdrawn or amended "when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Rule 36(b); *see Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988); *Williams v. City of Dothan*, 818 F.2d 755, 762 (11th Cir. 1987). The prejudice that the requesting party is required to show must exceed the simple burden of proving matters to the trier of fact which, absent the withdrawal or amendment, would have been conclusively established. *See Smith v. First Nat'l*, 837 F.2d at 1578. Rather, the requesting party must show that the effect of the withdrawal or amendment is the creation of a difficulty in proving its case that results from a "sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.*, 837 F.2d at 1578 (internal quotation marks and citations omitted). When the requesting party cannot make the

4

requisite showing and the responding party's amendment is thus allowed, responses by way of denial still must meet Rule 36(a)'s requirement that they "fairly meet the substance of the requested admission[s]." If they do not, the court may deem the matters admitted or require the responding party to amend the denials. Rule 36(a).

On March 21, 2001, counsel for Arnold served by mail eight requests for admission on Moore's counsel. Essentially, the requests ask Moore to admit that the designation of Arnold as the policy beneficiary was proper. In particular, Arnold asked Moore to admit that Annetta Moore signed the beneficiary form and that when she did so she possessed requisite competency and control. Pursuant to the expedited litigation schedule that the parties recommended in writing to the court and that the court duly regurgitated as a scheduling order, responses to requests for admission were due 14 days after service. However, Moore's counsel did not serve his responses to Arnold's requests for admission until April 19, 2001. Prior to this belated response, on April 12, 2001, Arnold moved for summary judgment. In support, he asserted that Moore had not responded to his requests, and therefore, the court should deem them admitted. Arnold also acknowledged that Moore espoused two alternative theories of the case, one based on

Annetta Moore's purported incompetency at the time she signed the beneficiary form and the other based on an allegation that her signature on that form was forged. Arnold addressed the merits of each theory, in part relying on the depositions of Shelonda Jones ("Jones") and Angela Eubanks ("Eubanks"), the two individuals who signed as witnesses on the beneficiary form; Dr. James Lasker ("Lasker") and Dr. Robert Johnson ("Johnson"), two of Annetta Moore's treating physicians; and the report of Dr. Richard Roper ("Roper"), Moore's proposed handwriting expert.

Under these facts, Moore's responses to Arnold's requests for admission are clearly untimely under Rule 36(a). On this basis, the matters inquired into by Arnold were admitted by default as of April 5th because of Moore's counsels' failure to respond by April 4th, 14 days after the requests were served. Therefore, Arnold's motion to deem his requests admitted is well-taken and due to be granted. However, the court construes Moore's counsels' oral argument at the May 4th hearing as containing a request that his default admissions be amended by substituting his April 19th denials as his answers to Arnold's queries. Moore's motion to amend implicates Rule 36(b)'s two-part test, of which only the second prong, whether the requesting party has shown that prejudice would result from granting the responding party's amendment request, is

at issue.

At the May 4th hearing, Arnold's counsel argued that her client would be prejudiced by permitting Moore's counsel's belated responses to count as Moore's answers to Arnold's requests. This position is undercut, though, by the fact that Arnold's counsel, in properly representing her client's interests, has obtained and marshaled substantial evidence with which to rebut Moore's theories of the case. *Cf. American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (prejudice standard met in part because requesting party had made no effort to obtain evidence regarding the matters admitted by default). By the time Arnold moved for summary judgment, Jones, Eubanks, Lasker, Johnson, and Moore had all been deposed. In addition, Moore's counsel had provided Arnold's counsel with Roper's report. While responsible preparation of the requesting party's case does not necessarily foreclose the requisite showing of prejudice, such preparation by Arnold's counsel in this action means that the only source of the potential prejudice to Arnold is the need to prove to a jury those matters that otherwise would be admitted by Moore's default. This is not the type of prejudice that Rule 36(b) guards against.

Because Arnold has not shown how the belated amendment of Moore's responses would lead to a difficulty of proof arising from a sudden need to obtain evidence, Moore's motion to amend his original admissions is due to be granted. However, the court recognizes that the ultimate effect of the amendment on Arnold's ability to prove his case may not have come to pass as of the May 4th hearing. In particular, the court notes that Dr. Roper had not been deposed as of that date. Therefore, it will *sua sponte* grant Arnold leave to file a motion to reinstate Moore's original admissions based on any prejudice caused by allowing his late responses. *See, e.g., Smith v. First Nat'l*, 837 F.2d at 1578 (describing a similar approach by the lower court in that case).

This does not completely settle the requests for admission issue, however, even for present purposes, because Arnold proposes an alternative ground on which the court could resolve the issue straight away. Arnold contends that even if he loses the Rule 36(b) prejudice argument, Moore's proffered responses are insufficient as a matter of substance, thereby justifying, under Rule 36(a), a court order declaring that Arnold's requests are admitted. In light of Jones's and Eubanks's statements that they witnessed Annetta Moore sign the beneficiary form, Moore's

8

responses to requests regarding the genuineness of Annetta Moore's signature, namely, numbers 1, 2, 3, and 6, are inadequate. Instead of deeming those requests admitted, though, the court will require Moore, pursuant to Rule 36(a), to qualify his denials, or otherwise amend his answers, to them.  Upon inspection of the remaining requests and the respective responses, the court finds them substantively sufficient.  In response to certain requests, even one-word denials can serve the purposes of Rule 36(a). *See, e.g., United Coal Co. v. Powell Constr. Co.*, 839 F.2d 958, 967-68 (3rd Cir. 1988).

Because the court will allow Moore's belated denials to stand as his answers to Arnold's requests, pending further amendment by Moore pursuant to court order and pending Arnold's potential motion to reinstate the original default admissions, the court addresses Arnold's alternative motion for expenses associated with the depositions of Jones, Eubanks, Lasker, and Johnson. Arnold asserts that these depositions clearly prove each of the eight matters on which he requested admission and show that Moore's simple denials are unsubstantiated.  As a result, he claims, he should be reimbursed for expenses incurred regarding those depositions. However, this reasoning does not apply here because Arnold incurred

the expenses prior to Moore's denial. It is an implied, if not express, condition of awarding expenses incurred in proving matters that should have been admitted that the requesting party first receive the denial, then prove the matter. Not the other way around. *Cf. Howard v. Sterchi*, 725 F.Supp. 1572, 1577 (N.D.Ga. 1989) (permitting responding parties to amend their original admissions, but allowing requesting parties to move for expenses incurred due to their reliance on the original admissions).

However, the court recognizes that Moore's counsels' failure to respond to Arnold's requests for admission placed Arnold's counsel in an awkward, undeserved position, and simultaneously undermined one of the central purposes of Rule 36. As the Fifth Circuit has observed: "'Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.'" *American Auto. Ass'n*, 930 F.2d at 1121 (quoting Advisory Committee's Notes, Proposed Amendments to the Rules of Civil Procedure, 48 F.R.D. 487, 534 (1970)); *see Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981) (citing same). In this case, Arnold's counsel concluded that it was in her client's best interests not to rely on the binding

effect of Moore's default admissions, thus resulting in the incurrence of expenses necessary to gather evidence to prove the very matters on which she had secured his admissions. While this decision, as discussed *supra*, undercuts Arnold's prejudice argument and eliminates a basis for the award of expenses, it does not provide complete cover for Moore's counsels' dilatoriness. Arnold's counsel's knowledge or suspicion that Moore, in substance, denied the requests for admission did not bestow on Moore's counsel license to postpone indefinitely their Rule 36 obligation to answer those requests. Their delay in serving eight substantive responses totaling all of 41 words and their failure to make a simple request for an extension of time predictably created a default admission under Rule 36 on which opposing counsel, in reasonably protecting her client's interests, could not rely, thereby thwarting the intent of the rule. Counsels' neglect is all the more troublesome in light of the fact that they have asked for, and this court has allowed, an expedition of these proceedings. Therefore, considering the context and extent of Moore's counsels' tardiness and the purpose of Rule 36, the court will award Arnold expenses associated with depositions, including reasonable attorneys' fees, incurred in proving the matters originally admitted by default, but only those costs incurred during the period in which Moore's

counsel frustrated the purpose of the rule. Consistent with the court's conclusion, *supra*, that Moore's motion to amend his original default admissions by substituting his April 19th denials is due to be granted, this means that Arnold may recover only those costs incurred from April 5th, the date he secured Moore's default admissions, until April 18th, the day before Moore served his late responses on Arnold's counsel. Because the court adopts a different rationale for the award of expenses than that put forth by Arnold and because the court must confess some uncertainty about what Arnold's exhibits in support of his motion for expenses show in regards to the actual dates on which expenses were incurred, it will allow Arnold to submit proof of expenses and allow Moore time to respond to the reasonableness of those expenses. This will take place after the trial.

As a final matter, the court turns to Arnold's request that the court preclude the deposition of any of the 26 witnesses that comprise the list served on Arnold's counsel on April 10, 2001 as Moore's "Supplement to Initial Disclosures." The court construes Arnold's request as a motion for a protective order to prevent the depositions of said proposed witnesses. Under this court's scheduling order, supplementations were due no later than April 2, 2001. Rule 16(b) specifies that the scheduling order cannot be

modified without a showing of good cause, a showing that Moore's counsel has not made. Therefore, to the extent that the deposition of individuals listed on Moore's April 10th supplementation have not been previously dealt with by court order, Arnold's motion is due to be granted.

### Conclusion

A separate and appropriate order will be entered.

DONE this 17th day of May, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE